FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
05 MAY 16 PM 2:49

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CAUSE NO. 3:03CV-738-C

TRISHA HARMON )
)
)
VS. )
)
)
THE SULLIVAN UNIVERSITY SYSTEM, INC. d/b/a SPENCERIAN COLLEGE, et al. )

**PLAINTIFF'S MOTIONS IN LIMINE**

Comes the Plaintiff, Trisha Harmon, and for her Motions in Limine, hereby states as follows:

**INTRODUCTION**

In January of 2002, Plaintiff Trisha Harmon entered the Radiologic Technology Program at Spencerian College. Prior to her enrollment, Harmon was assured that the Radiologic Technology Program (hereinafter "RT Program") at Spencerian College was appropriately accredited and that she would be able to sit for a national licensure examination upon graduation. Letters, catalogs, and handbooks distributed by Spencerian College all indicated that the RT Program was appropriately accredited by the Joint Review Committee on Education in Radiologic Technology (hereinafter "JRCERT"). Spencerian College's website also stated that the Program was appropriately accredited throughout Harmon's tenure at Spencerian College. Spencerian letters, brochures, handbooks, and the college's website also stated at that time that graduates of the RT Program were eligible to sit for the national licensure examination administered by the American Registry of Radiologic Technologists (hereinafter "ARRT"). Harmon relied upon the materials referenced above, as well as oral representations made by college representatives, in choosing to enter and remain in the RT

Program at Spencerian College.

Upon graduation from the RT Program in June of 2003, Trisha Harmon was informed that the RT Program at Spencerian College was not appropriately accredited as claimed. Additionally, she learned that she was not eligible to sit for the national licensure examination given by the ARRT, as promised. As a result of Spencerian College's failure to obtain appropriate accreditation, and insure that graduates of its RT Program are eligible to sit for a national licensure examination, Trisha Harmon has suffered lost wages, lost tuition and expenses, and pain and suffering.

Discovery taken in this case to date indicates that Spencerian College rushed to initiate the RT Program for the purposes of increasing revenues at the school. Despite the concerns of program teachers and directors, Spencerian College hurriedly enrolled students in the RT Program in January of 2002. All students were assured that the program was appropriately accredited, and that they could sit for the national licensure examination administered by the ARRT, prior to and after enrolling in the program.

**1. Plaintiff moves the Court in Limine to preclude testimony from any Defendant or representative of Spencerian College in regard to the intentions of other individuals.**

The Plaintiff has alleged in this cause of action that the Defendants intentionally misrepresented Plaintiff's ability to sit for a national licensure examination subsequent to graduation from Spencerian College's Radiologic Technology Program. Plaintiff has also alleged that Defendants intentionally misrepresented the accreditation status of that RT Program at Spencerian College. But for these intentional misrepresentations, the Plaintiff would not have enrolled in the RT Program at Spencerian College.

In the recent deposition of Spencerian College President and Chief Executive Officer, Alva

Sullivan, Mr. Sullivan testified on numerous occasions to his belief that the misrepresentations that were made were not done so intentionally. Thus, it is expected that Sullivan will attempt to testify at trial that the misrepresentations that were made by numerous individuals at Spencerian College were not made intentionally.

FRE 602 specifically states that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Here, Sullivan has no personal knowledge regarding whether Spencerian College's RT Program Director, Dean, and Executive Director intended to misrepresent matters to the Plaintiff. Sullivan acknowledged in his deposition that others were tasked with the job of finding out what needed to be done to start the RT Program at Spencerian. Thus, he has no personal knowledge regarding whether other individuals at Spencerian College intentionally misrepresented matters to the Plaintiff. Additionally, any opinions he has in regard to misrepresentations made by others, and whether those misrepresentations were made intentionally, are inadmissible hearsay pursuant to FRE 801 and 802. Furthermore, all Spencerian officials, directors, or representatives called as witnesses at trial should be precluded from testifying as to the intent of others in making said misrepresentations in regard to Spencerian's RT Program.

**2. Plaintiff moves the Court in Limine to preclude Defendants from mentioning the expense in defending Plaintiff's lawsuit.**

In the deposition of Spencerian College President and Chief Executive Officer Alva Sullivan, Sullivan made a point of referencing the inordinate amount of expense associated with defending the lawsuit brought by Plaintiff, as well as other lawsuits brought against Spencerian College, pursuant to the misrepresentations college administrators have made in regard to Spencerian's RT

Program. Obviously, the expense associated with defending these lawsuits has no relevance to Plaintiff's claims herein. FRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Undoubtedly, the methods utilized by the Defendants and their attorneys to defend this lawsuit are not relevant to the claims made by the Plaintiff. Additionally, the expense associated with defending this lawsuit has nothing to do with Plaintiff's claims. Furthermore, the danger of undue prejudice associated with admission of evidence related to the expense in defending this lawsuit would substantially outweigh the probative value of such testimony, pursuant to FRE 403. Thus, the Defendants should be precluded from making mention of the expense associated with defending this, or other lawsuits, brought against Spencerian College as a result of misrepresentations made to RT students.

**3. Plaintiff moves the Court in Limine to prohibit Defendants from referencing the actions of the attorneys for the Plaintiffs at trial or Defendants' opinions as to the qualifications or credibility of witnesses called at trial.**

During the deposition of Spencerian President and Chief Executive Officer Alva Sullivan, Sullivan made reference on two separate occasions to his opinions regarding prosecution of this claim by Plaintiff's attorneys. Specifically, Sullivan took issue with his opinion that the undersigned attorneys "sicced" the media on the Defendants. Additionally, Sullivan referenced his disdain for a meeting that took place between an accreditation site visit team and the June, 2003 graduates of Spencerian College's RT Program. Sullivan, in error, apparently believed that said meeting was organized by counsel for the Plaintiff. Finally, Sullivan also made mention that he felt Defendants' expert had much better qualifications than Plaintiff's expert.

Obviously, the actions of Plaintiff's attorneys are irrelevant, pursuant to FRE 401, for utilization at trial. Additionally, the undue prejudice, and confusion of issues that would result from allowing such testimony substantially outweighs any probative value the testimony would have. For these reasons, Plaintiff requests that Defendants be precluded from testifying as to the actions of Plaintiff's lawyers in prosecuting this action at the trial of this matter. Similarly, the opinions of the individual Defendants as to the qualifications and credibility of any witness is irrelevant. Thus, the Defendants should be precluded from offering such testimony and cautioned accordingly.

**4. Plaintiff moves in limine to preclude utilization of Defense exhibits 21 and 50 based upon FRE 801, 802, and 402.**

The Defendants submitted two separate exhibits for utilization at trial that are inadmissible pursuant to FRE 801, 802 and FRE 402. These exhibits relate to a meeting conducted by a JRCERT site visit team with graduates of Spencerian's RT Program. Defense exhibit number 21, a January 29, 2004 letter to Robert Johnson from Spencerian representative Jan Gordon, is inadmissible given that it includes irrelevant information that is unfairly prejudicial to the Plaintiff, and contains statements of hearsay. Specifically, the third paragraph of that letter references a meeting between the JRCERT site visit team and recent graduates of Spencerian College's Radiologic Technology Program. That same paragraph indicates erroneously that the undersigned arranged the meeting between Spencerian graduates and the site visit team.

First, the method in which the meeting between Spencerian graduates and the JRCERT site visit team was arranged is irrelevant for purposes of trial. Defendants have produced no proof whatsoever that the method utilized to arrange that meeting had any effect on any JRCERT decision. Furthermore, the actions of Plaintiff's attorneys are irrelevant as stated in the previous motion,

pursuant to FRE 401 and 402. Unless Defendants are able to produce some proof that the method for arranging the meeting in question had an effect on JRCERT accreditation decisions, that method for arrangement clearly is irrelevant. Defendants are free to question members of that site visit team, or the Spencerian graduates, in regard to conversations that took place in the meeting in question.

Exhibit 21 is also inadmissible in that it contains hearsay that meets no exception under the Federal Rules of Evidence. Ms. Gordon cites alleged statements made by members of the JRCERT site visit team that are unnamed. These statements clearly fall within the definition of hearsay as set forth in FRE 801 as they would be offered into evidence to prove the truth of the matter asserted by one other than the declarant, Ms. Gordon. In addition, the above-cited paragraph is inadmissible at trial pursuant to the incorrect accusations made in the letter. Exhibit 50 tendered by the Defendants clearly documents that the meeting between the JRCERT site visit team and Spencerian's graduates was requested by the site visit team. According to the representations of the site visit team representative in that e-mail, site visits always include interviews with program graduates. The undersigned's clients were the only graduates of Spencerian's RT Program at the time of the meeting in question. Thus, it is obvious that JRCERT arranged the meeting in question. Therefore, the statement that the undersigned arranged the meeting in Exhibit 21 is simply incorrect. Thus, it is inadmissible pursuant to FRE 403 as it is prejudicial to the Plaintiff, will confuse the jury, and waste the jury's time.

Exhibit 50 submitted by the Defendants is similarly inadmissible pursuant to FRE 402, and 802. This exhibit details the arrangements for the meeting held between Spencerian graduates and the JRCERT site visit team. The arrangements for setting up the meeting in question certainly are not relevant for purposes of trial, as stated above. Additionally, any statements made by a member

of the site visit team to Vanessa Breeding constitute hearsay that is inadmissible.

**5. Plaintiff moves to prohibit the Defendants from placing any fault on non-parties, specifically the ARRT.**

Plaintiff Trisha Harmon respectfully requests this Court prohibit the Defendants from placing blame or fault on the ARRT in presenting Defendants' proof at trial. During the depositions of Defendant Alva Sullivan and defense expert Robert Taylor, both blamed the ARRT for the misrepresentations made to Spencerian students. Specifically, both stated that the language utilized in ARRT rules and procedure was confusing as to the requirements needed for a student to sit for the national licensure examination given by ARRT. The ARRT is not a named party in the lawsuit, nor has a Third Party Complaint been filed by the Defendants against the ARRT. Moreover, the ARRT is not a Third Party Defendant as listed in KRS 411.182(1), or a settling tortfeasor under KRS 411.182(4).

Numerous Kentucky Court of Appeals' decisions limit the right to apportionment under KRS 411.182 to parties and other persons who fall within the scope of the statute. Jefferson Cty. Com. Atty's Office v. Kaplan, Ky., 65 S.W.3d 916 (2002); see also Copass v. Monroe County Medical Foundation, Ky., 900 S.W.2d 617, 619-620 (1995). The Kentucky Court of Appeals in Baker v. Webb, Ky. App., 883 S.W.2d 898, 900 (1994), stated "when the statute states that the trier-of-fact shall consider the conduct of 'each party at fault' such phrase means those parties complying with the statute as main parties to the litigation and those who have settled prior to litigation, not the world at large." Since the ARRT is not a named party to the litigation or a party that has settled prior to litigation, it does not fall under the scope of those whom fault can be apportioned against under KRS 411.182. Accordingly, Plaintiff's respectfully requests this Court prohibit Defendants

from placing blame or fault against the ARRT in presenting proof at trial.

**6. Plaintiff requests the Court prohibit any reference to collateral source benefits and/or any aid received by the Plaintiff in attending Spencerian College.**

Pursuant to discovery exchanged between the parties, Plaintiff expects Defendants to make reference to Pell grants received by the Plaintiff after enrolling at Spencerian College at trial. As such grants constitute collateral source payments, Defendants should be precluded from referring to said grants or other financial aid received by the Plaintiff.

The Supreme Court of Kentucky in O'Bryan v. Hedgespeth, Ky., 892 S.W.2d 571 (1995), held that the statute allowing the admission of evidence of collateral source payments in personal injury actions violated the separation of powers provision of the state Constitution. The collateral source rule provides that benefits received by an injured party from a source independent of a tortfeasor will not be deducted from or diminish the damages otherwise recoverable from the tortfeasor. See 22 Am.Jur.2d *Damages* 8392 (2003); *Black's Law Dictionary*, 254 (7th ed. 1999); Restatement (Second) of Torts § 920A(2) (1979). The collateral source rule has long been recognized in Kentucky. McFarland v. Bruening, Ky., 185 S.W.2d 247, 249 (1945); Bass v. Searcy, Ky., 133 S.W.2d 714, 715 (1939). As stated in Taylor v. Jennison, Ky., 335 S.W.2d 902 (1960), damages recoverable for a wrong are not diminished by the fact that the injured party has been partially indemnified. According to the Court ". . . there is no logical or legal reason why a wrongdoer should receive" a benefit obtained by the injured party "for his own protection." Id. at p. 903. As between the injured party and the tortfeasor, any windfall by allowing a double recovery should accrue to the less culpable injured party rather than relieving the tortfeasor of full responsibility for his wrongdoing. Johnson v. Beane, 664 A.2d 96 (Pa. 1995); Bozeman v. State,

879 So.2d 692 (La. 2004); 22 Am.Jur.2d *Damages* 8392 (2003). Although not final and not cited as authority herein, the Kentucky Court of Appeals has recently handed down an analogous decision. See Schwartz v. Hasty, Ky.App., 2005 WL 326959 (2005). Since collateral source benefits are inadmissible, the Plaintiff respectfully requests this Court prohibit any reference to any aid received by Plaintiff to attend Spencerian College.

**7. Plaintiff requests the Court prohibit any testimony detailing different accreditation processes at other academic institutions.**

Linda Blair, Jan Gordon, LaVetta Reliford and Alva Sullivan are administrators at Spencerian College. None of the aforementioned directors have been listed as expert witnesses for purpose of trial. Defendant Reliford has testified in her deposition that the RT programs at St. Catherine's College and Morehead State University waited until after their initial class of RT students graduated to submit their applications for accreditation with JRCERT. Ms. Reliford went on to state that RT graduates at St. Catherine's and Morehead were eligible to sit for the ARRT national exam since St. Catherine's and Morehead were accredited by a regional accrediting agency recognized by ARRT. (See Reliford depo., pp. 34-35).

The methods for obtaining accreditation for an RT program is clearly a subject area necessitating expert testimony. Although Defendants may testify as to previous accreditation techniques they have personally utilized, they are not free to speculate as to methods utilized by other institutions. The appropriate method for seeking accreditation for an RT program can be credibly referenced only by an expert witness and Defendants have not been listed as such. Furthermore, the aforementioned directors do not have personal knowledge of the accreditation processes at other institutions. Therefore, Kentucky Rule of Evidence 602 prohibits their testimony on such matters.

**8. Plaintiff requests the Court prohibit Spencerian Administrators from discussing communications with JRCERT or ARRT of which they were not personally involved.**

Plaintiff respectfully moves this Court to preclude any Spencerian director from discussing any communications and/or conversations with JRCERT or ARRT because the directors were not personally involved in any alleged communications. As previously discussed above, Kentucky Rule of Evidence 602 prohibits a witness from testifying to a matter unless evidence is entered sufficient to support a finding that the witness has personal knowledge of the matter. None of the aforementioned directors are able to meet this burden. FRE 801 and 802 precludes such testimony as inadmissible hearsay.

Ms. Jan Gordon has stated in her deposition that she was aware of Director Reliford contacting these organizations. According to Gordon, Ms. Reliford made several phone calls to JRCERT to clarify information in regard to the accreditation application. Yet, this recollection is based on what Linda Blair told Ms. Gordon and what Ms. Reliford told Ms. Blair. (See Gordon depo., p. 48). Finally, Ms. Gordon is not aware of any communication log or written documentation referring to when Ms. Reliford may have contacted the State Regulation Board or JRCERT prior to July 2003. Id.

Similarly, Blair and Sullivan have speculated as to contacts and conversations Program Director Reliford had with JRCERT. In actuality, Reliford had no contacts with either JRCERT or ARRT before June of 2003, as claimed. See Reliford depo., pp. 42-43. As such, testimony regarding any communications or conversations with JRCERT or ARRT and Spencerian administrators of which those administrators were not personally involved is prohibited.

**9. Plaintiff requests the Court preclude generalized testimony from Spencerian Administrators as to what students rely upon in choosing a program or college.**

Throughout the depositions of the aforementioned administrators, the deponents make generalized statements as to what representations students rely upon in choosing a program or college. As the Defendants have no personal knowledge as to what the Plaintiff in this case relied upon in choosing Spencerian's RT program, this testimony is precluded pursuant to FRE 602. Testimony as to what students generally rely upon in choosing a program is an area for expert testimony. Defendants have not been listed as experts. Furthermore, the experiences of Spencerian administrators with other students are not relevant to the matter at hand. As mentioned before, they have no personal knowledge of what was important to Ms. Harmon in her decision to enroll in the RT Program at Spencerian College.

**10. Plaintiff moves to prohibit the Defendants from mentioning that Plaintiff has the burden of proof.**

Plaintiff anticipates defense counsel advising the jury that Plaintiff has the burden of proof in this matter. Arguments to a jury such as this are not permissible. The established law in Kentucky is that a jury should not be told specifically that a burden of proof is on any party. Rankin v. Bluegrass Boys' Ranch, Inc., Ky., 469 S.W.2d 767, 773 (1971); See 2 Palmore, Kentucky Instructions to Juries, § 13.11(f) (1989).

**11. Plaintiff requests the Court prohibit the Defendants from mentioning that Plaintiff must prove her causes of action by a preponderance of the evidence.**

Plaintiff anticipates that defense counsel will attempt to advise the jury that Plaintiff must prove the alleged causes of action by a preponderance of the evidence. Kentucky courts have long

held that the jury should not be told that a litigant must prove his/ her case by preponderance of the evidence. Hall v. Arnett by Greene, Ky. App., 709 S.W.2d 850, 852 (1996). Undoubtedly, the Court will instruct the jury as to the appropriate standards of law in this case.

**12. Plaintiff moves the Court in limine for redaction of speaking objections made by defense counsel during the evidentiary deposition of Plaintiff's expert.**

On March 31, 2005, the evidentiary deposition of Plaintiff's expert, Dr. Edward Mazze, was held in Warwick, Rhode Island. During that deposition, counsel for the Defendant repeatedly interposed speaking objections on the video record in violation of Federal Rule of Civil Procedure 30(d)(1).

FRCP 30(d)(1) clearly requires that all objections be stated concisely and in a non-argumentative and non-suggestive manner. In the case at bar, counsel for the Defendant repeatedly asserted long, speaking objections, obviously intended to draw the jury's attention away from the testimony of Plaintiff's expert. In fact, 37 separate speaking objections were noted during the undersigned's direct examination of Plaintiff's expert, Dr. Edward Mazze. Those 37 separate speaking objections are noted as follows, pursuant to a review of the transcript of Dr. Mazze's deposition:

1. Page 4, Lines 13-24
2. Page 6, Lines 3-8
3. Page 7, Lines 6-10
4. Page 8, Lines 2-9
5. Page 8, Lines 23-24 and Page 9, Lines 1-4
6. Page 10, Lines 17-22
7. Page 11, Lines 6-9
8. Page 12, Lines 10-16
9. Page 13, Lines 17-23
10. Page 16, Lines 19-24 and Page 17, Line 1
11. Page 17, Lines 5-8

12. Page 17, Lines 19-24
13. Page 18, Lines 14-19
14. Page 19, Lines 22-24 and Page 20, Lines 1-2
15. Page 21, Lines 11-16
16. Page 22, Lines 2-6
17. Page 22, Lines 20-24 and Page 23, Lines 1-8
18. Page 23, Lines 15-24, Page 24, Lines 1-20 and Page 25, Line 1
19. Page 25, Lines 9-17
20. Page 26, Lines 10-15
21. Page 27, Lines 18-24 and Page 28, Lines 1-3
22. Page 29, Lines 8-17
23. Page 30, Lines 9-13
24. Page 31, Lines 15-24 and Page 32, Line 1
25. Page 33, Lines 16-21
26. Page 34, Lines 11-17
27. Page 34, Line 24 and Page 35, Line 1
28. Page 35, Lines 19-20
29. Page 35, Lines 23-24 and Page 36, Line 1
30. Page 36, Lines 6-24
31. Page 37, Line 24 and Page 38, Lines 1-8
32. Page 40, Lines 20-24 and Page 41, Lines 1-3
33. Page 41, Lines 21-24 and Page 42, Line 1
34. Page 44, Line 24 and Page 45, Lines 1-5
35. Page 47, Lines 10-19
36. Page 48, Lines 13-17
37. Page 55, Lines 19-24 and Page 56, Lines 1-2

FRCP 30 obviously precludes the method of objection continuously utilized by defense counsel at this deposition. Not once did defense counsel object to the form of the question, but instead counsel imposed needless objections related to issues brought before the Court in defense counsel's motion to strike Plaintiff's expert. Thus, the objections in question need not have been made at all during the course of Dr. Mazze's deposition.

For these reasons, the Plaintiff respectfully requests the Court grant Plaintiff's motion and order the Defendant to redact said objections, as noted above, from the video tape of Dr. Mazze's deposition. This action should be ordered to take place at the cost of the Defendants.

**13. Plaintiff moves the Court in limine to preclude testimony and documentary evidence regarding state licensure of radiologic technologists in states other than Kentucky or Indiana.**

Upon information and belief, Defendants will attempt to present evidence at trial as to licensure of radiologic technologists in states outside of Kentucky, and the exam imposed by those states for said licensure. Any testimony or documentary evidence regarding said issue should be precluded by the Court given that this is an area for expert testimony and the Defendants have not submitted an expert disclosure for a radiography expert.

During the evidentiary deposition of Plaintiff's expert, Dr. Edward Mazze, Defendants questioned Dr. Mazze in regard to whether some states do not require a license to practice radiologic technology. (See Mazze depo., p. 105, Lines 6-12). Specifically, counsel for the Defendants posed the following question:

> Q. Correct. And you don't know that there are 14 states that don't require any license whatsoever to practice radiological technology?
>
> HAMMOND: Objection. Lack of foundation.
>
> A. Correct.

In addition to the foregoing testimony, Defendants have submitted as potential exhibits two separate charts documenting the different types of radiography licenses offered in all 50 states, as well as the different exams required for obtaining said licenses. (See Defense exhibit 56).

To date, Defendants have disclosed as an expert witness, Dr. Robert Taylor, the former Dean of the Business School at the University of Louisville. At no point in Dr. Taylor's expert report or during his discovery deposition did Dr. Taylor indicate that he had any expertise whatsoever in the

field of radiography. Defendants have not disclosed any other person as a radiography expert in this case.

Licensure in the field of radiography in other states is not an issue of fact for purposes of trial in this case. Any testimony regarding licensure in other states is an issue properly reserved for an expert witness. As Defendants have not listed a radiography expert in their expert witness disclosures, they should be precluded from offering the charts in question as documentary evidence in this case. Furthermore, the question posed to Dr. Mazze should be redacted given that defense counsel has referred to a fact that will not be supported by evidentiary proof at trial.

**14. Plaintiff moves the Court in limine to preclude defense counsel from requesting Plaintiff's expert describe legal mandates to the jury.**

During the deposition of Plaintiff's expert, Dr. Edward Mazze, defense counsel requested that Dr. Mazze describe to the jury whether the regulations of the Federal Trade Commission apply to private causes of action. The following excerpt from Dr. Mazze's deposition documents said attempts by defense counsel:

> Q. Now, you know the Federal Trade Regulations have no – maybe you don't know – the Federal Trade Regulations, Doctor, have no applicability to private causes of action; do you know that?
>
> THE WITNESS: What do you mean by private causes of actions?
>
> MR. HAMMOND: Objection.
>
> MR. POTTS: Lawsuits.
>
> A. Correct.
>
> MR. HAMMOND: Objection.
>
> Q. So, you do know that?

A. Yes.

Q. You know that the Federal Trade Regulations only allow for the Federal Trade Commission, the FTC, to invoke its powers against certain entities, correct?

A. Yes.

Q. So, this particular regulation, while it might be applicable to the FTC, doesn't have anything to do with a private right of action, does it, Doctor?

A. Correct.

MR. HAMMOND: Objection. Lack of foundation.

The excerpted deposition testimony clearly infringes upon the Court's duty to instruct the jury in this case as to applicable law. As set forth in Plaintiff's Jury Instructions, a contract between parties must conform to statute. Williams v. Fulmer, Ky., 695 S.W.2d 411 (1985). Thus, Defendants had an affirmative duty to disclose the accreditation status of its RT Program pursuant to 16 CFR § 254.3. A failure to do so constituted a breach of contract pursuant to the decision rendered in Williams.

Defense counsel attempts to have Plaintiff's expert instruct the jury as to the application of 16 CFR § 254.3, without reference to the decision in Williams. Such an attempt is unauthorized, incorrect, and prejudicial. Thus, Plaintiff respectfully requests the Court order defense counsel to redact the above-cited testimony from Dr. Mazze's deposition via editing the video tape of that deposition at defense cost.

Respectfully submitted,

David S. Strite, Esq.
Mark E. Hammond, Esq.
O'BRYAN, BROWN & TONER
1500 Starks Building
455 South Fourth Avenue
Louisville, KY 40202
(502) 585-4700
Counsel for Plaintiff, Trisha Harmon

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served by mail upon the following on this the 16th day of **May, 2005**:

Grover C. Potts, Esq.
WYATT, TARRANT & COMBS, LLP
500 W. Jefferson Street
Suite 2800
Louisville, Kentucky 40202-2898

David S. Strite
Mark E. Hammond