UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 03-738-C**

**TRISHA HARMAN,**                                                                                             **PLAINTIFF,**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**SULLIVAN UNIVERSITY
SYSTEM, INC., ET AL.,**                                                       **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendants, Sullivan University System, Inc. d/b/a Spencerian College ("Spencerian") and A.R. Sullivan, Jan Gordon, Linda Blair, LaVetta Reliford, Terri Thomas, and Jim Crick (collectively "individual defendants"), for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]  The court, having reviewed the record and being otherwise sufficiently

---

[1] In her response, the plaintiff argues that the defendants' motion is for partial summary judgment because the defendants did not address her claims for negligence, concealment, and non-disclosure. The plaintiff mentions negligence only in her claim for negligent misrepresentation. The plaintiff alleges non-disclosure and concealment in paragraph 28 of her complaint. Non-disclosure and concealment are not separate claims; rather they are omissions and are additional ways a defendant can commit fraudulent and negligent misrepresentations. As the defendants have addressed these claims in their motion, the motion is not one for partial summary judgment, but one for summary judgment on all claims. In her response, the plaintiff also distinguishes fraud cases on the basis that they were for omissions, whereas the plaintiff claims here that the defendants "affirmatively misrepresented the status of accreditation and the ability of graduates to sit for the national licensure examination given by ARRT." (Response, 18)  As the plaintiff admits that she does not seek recovery for omissions, non-disclosure and concealment are irrelevant.

advised, will grant the motion in part and deny it in part.

I.      FACTUAL BACKGROUND

The following factual background is stated in the light most favorable to the plaintiff, Trisha Harman, as she is the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Spencerian is accredited by the Accrediting Council for Independent Colleges and Schools ("ACICS"). In 2001, the ACICS approved Spencerian's Radiology Technologist ("RT") program. Melony Bryant and LaVetta Reliford were responsible for developing Spencerian's RT program and completing the accreditation process. Bryant's employment was terminated in the fall of 2001.

The plaintiff enrolled in the first class of Spencerian's RT program in January 2002 and she graduated in June 2003. Prior to enrolling in the RT program, the plaintiff attended Spencerian's Limited Medical Radiography ("LMR") program. A letter was distributed to members of the LMR program, including the plaintiff, on November 30, 2001. The letter stated that Spencerian had just been approved to start the RT program, that the RT program "addresses the competency specified by the Joint Review Committee on Education in Radiologic Technology (JRCERT)," and that graduates of Spencerian's RT program "are eligible to take the national certifying examination given by the American Registry of Radiologic Technology (ARRT)." (Michael K. Johnson Letter, Nov. 30, 2001) The handbooks, which were distributed to the RT program students, also stated that the program met the competency

requirements of JRCERT and that graduates were eligible to take the national certifying exam. The school's website also contained those statements. Before she enrolled in the RT program, the plaintiff spoke with Erin Weiss, an admissions counselor. Weiss told the plaintiff that she would be eligible to take the ARRT exam upon graduation. (Harman depo., 40) The plaintiff claims that she would not have enrolled in the RT program if she had known that it was not accredited or if she had known that she would not be eligible to take the national exam. (Harman depo., 76)

Spencerian submitted its self-study to JRCERT in June 2003, seeking accreditation. According to Reliford, Spencerian understood that it should submit its self-study after the first class completed the program. (Reliford depo., 21, 83) Students who graduate from an RT program prior to the accreditation of that program may take the ARRT exam if the school is accredited by a mechanism recognized by the ARRT. (Greathouse depo, 18-19) Spencerian believed that it was accredited under such a mechanism; however, ARRT does not recognize the ACICS as an accrediting mechanism. Consequently, ARRT would not allow the June 2003 graduates of the Spencerian RT program to take the ARRT examination as national candidates. Spencerian made special arrangements with the Commonwealth of Kentucky Cabinet for Health and Family Services for the 2003 RT program graduates to take the ARRT examination as state candidates in the fall of 2003. (Breeding depo., 36) The examinations for state and national candidates are identical. (Breeding depo., 109) The plaintiff took the ARRT examination as a state candidate in the fall of 2003 and

failed it. She took the national ARRT examination in November 2004 and failed it. (Harman depo., 29)

Upon graduation from the RT program, the plaintiff began working at Floyd Memorial Hospital in Indiana as a Radiology Technologist. She worked in this position until she was demoted to technology assistant when the hospital learned that the Spencerian RT program was not accredited. (Harman depo., 32) She is obligated to work in the state of Indiana pursuant to a loan agreement she has with Floyd Memorial Hospital. (Harman depo., 54) She has now been promoted to working part-time as a RT, but she has been unable to apply for RT positions in the heart catheterization or CT areas at Floyd Memorial Hospital. (Harman depo., 70)

## II.     STANDARD OF REVIEW

"Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed.R.Civ.P. 56(c)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp.*, 477 U.S. at 323. In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* A judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue exists only when there is sufficient "evidence on which the jury could

reasonably find for the plaintiff." *Browning*, 283 F.3d at 769 (quoting *Anderson*, 477 U.S. at 252). The initial burden of showing the absence of a genuine issue of material fact rests on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party does not have to support its motion with evidence disproving the non-moving party's claim. Instead, the moving party needs only to point out that there is an absence of evidence to support the non-moving party's case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp.*, 477 U.S. at 325). The ultimate question is whether the party bearing the burden of proof has presented a jury question as to each element of its case.[2] *Id.*

### III.   ANALYSIS

In her complaint, the plaintiff states the following claims: (1) breach of contract; (2) fraudulent misrepresentation; (3) negligent misrepresentation; (4) breach of fiduciary duty; (5) violation of the Kentucky Consumer Protection Act ("KCPA"); (6)

---

[2] As support for her motion, the plaintiff cites a decision from the Jefferson Circuit Court. *See Boyd v. Sullivan University Sys., Inc.*, No. 03-CI-10504 (Jefferson Circuit Court, Division 16 Feb. 25, 2005). While this decision may offer some guidance regarding Kentucky law, it is not binding on this court. Further, the summary judgment standard in state courts is quite different from the standard federal courts utilize. To grant summary judgment in Kentucky courts, the court must find that "it would be *impossible* for the respondent to produce evidence at trial warranting a judgment in its favor and against the movant." *Paintsville Hosp. Co. v. Rose*, 683 S.W.2d 255, 256 (Ky. 1985) (emphasis added). In federal court, the standard is whether a genuine issue of material fact exists.

intentional infliction of emotional distress or outrage; and (7) negligent infliction of emotional distress. The court will discuss each claim in turn.

**A.     Breach of Contract**

The plaintiff claims that Spencerian breached its contract because the program was not accredited and she was unable to take the national certifying exam upon graduation. The plaintiff has presented sufficient evidence to establish a genuine issue of material fact regarding her breach of contract claim against Spencerian.[3]

To avoid summary judgment, the plaintiff must show that she had a contract with Spencerian, that the contract was breached, and that she suffered resulting damages. The plaintiff has presented sufficient evidence to establish that a contract existed. She claims that the contract consisted of her promise to pay tuition and Spencerian's promise that it would provide her with academic services from a program accredited by JRCERT that allowed her to take the national licensure exam given by ARRT upon graduation. This "contract" was embodied in the statements made by Weiss and those contained in the letter distributed to the LMR students. Additionally, the Tuition Understanding Form set forth the plaintiff's responsibilities.

The plaintiff has also presented sufficient evidence to establish a breach of the contract. Put another way, she has presented evidence to show that Spencerian did not fulfill its contractual obligations. To support this claim, the plaintiff contends that

---

[3] The plaintiff does not contest the defendant's assertion that the individual defendants are entitled to summary judgment on any breach of contract claim, as they were not parties to any contract between Spencerian and the plaintiff.

6

when she graduated from the RT program in June 2003, she was unable to take the ARRT examination as a national candidate because the program was not accredited by JRCERT and Spencerian was not accredited by an approved accrediting body. She was unable to take the national certifying examination for 17 months. Spencerian claims that since the plaintiff was eventually permitted to take the examination, it did not breach the contract. A genuine issue of material fact exists as to whether the plaintiff's inability to take the ARRT examination as a national candidate immediately upon graduation was a breach of contract, so summary judgment is inappropriate on this claim.

Spencerian also contends that the plaintiff has not presented evidence of damages. It argues that the plaintiff did not suffer damages because she was able to obtain a job as an RT with Floyd Memorial Hospital, which she held until she failed the ARRT examination as a state candidate, and she was able to take the national licensure exam 17 months after her graduation, which she failed. The plaintiff argues that she was removed from her position as an RT because the hospital found out that Spencerian was not accredited, causing her to lose wages as a result of the breach of contract. Additionally, she points to the lost opportunity to pursue a position in the heart catheterization or CT areas. Since a genuine issue of material fact exists as to damages, summary judgment is inappropriate.

**B.    Fraudulent Misrepresentation**

The plaintiff claims that the defendants intentionally or recklessly made two

7

material misrepresentations upon which she detrimentally relied, causing her injury. To establish a fraud claim, the plaintiff must show, by clear and convincing evidence, that the defendants "(1) made a material representation, (2) which was false, (3) which was known to be false or made recklessly, (4) which was made with the inducement to be acted upon, (5) which the plaintiff acted in reliance upon, (6) which caused the plaintiff injury." *Rivermont Inn v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 640 (Ky. App. 2003). Fraud may be committed either by intentionally asserting false information or by willfully failing to disclose the truth. Stating a mere partial truth can be fraudulent if it is materially misleading. *United Parcel Serv. v. Rickert*, 996 S.W.2d 464, 469 (Ky. 1999). The plaintiff has presented proof that, taken as true, establish the elements of fraud.

**1.      Material Representation**

The plaintiff has presented sufficient evidence of material representations to avoid summary judgment. The plaintiff presents two material representations that she claims form the basis of this claim: (1) that Spencerian's RT program was accredited and (2) that graduates of Spencerian's RT program would be permitted to take the ARRT examination as national candidates upon completion of the program.

The plaintiff has presented evidence to show that the defendants represented to her that the program was accredited. In the letter provided to the LMR students, through Weiss's statements, and in the handbook, the defendants represented that the program met the competency requirements of the JRCERT. While the defendant did

not specifically state that the RT program was "accredited," the plaintiff understood their statements to mean that it was properly accredited. The plaintiff has offered testimony from Joanne Greathouse to establish that the defendants' representations regarding the program meeting JRCERT's competency requirements was misleading. The statement indicated to the students that the RT program was accredited by JRCERT. (Greathouse depo., 13, 43, 57) This representation is material because a graduate's ability to graduate from an accredited program is significant professionally. (Greathouse depo., 45)

The defendants' statement that graduates were eligible to take the national certifying examination was also a material representation. The defendant argues the statement that graduates would be eligible to sit for the national ARRT examination was a prediction of the future and cannot constitute a statement of past or present material fact. While the statement does refer to something the students would be able to do in the future, it is not a prediction of the future with regard to the defendants' actions. The statement indicates that the defendants have fulfilled their duties to ensure that the graduates may take the examination upon graduation.

**2.    Falsity of the Statements**

The plaintiff has presented sufficient evidence to establish a genuine issue of material fact regarding whether the statements were false. The plaintiff has presented testimony from Joanne Greathouse and a letter from JRCERT to Spencerian to show that the RT program did not meet the competency requirements of JRCERT. Further,

it is undisputed that immediately upon graduation in June 2003, the plaintiff was unable to take the ARRT examination as a national candidate.

### 3.      Made Intentionally or Recklessly

The plaintiff has presented evidence to establish that the defendants knew their statements were false or that they acted recklessly in making them.  The plaintiff has presented evidence that the defendants knew their statement that the program met the competency requirements of JRCERT was false when they made it.  In her deposition, Reliford stated that she knew the program was not accredited.  While these two statements are different, the plaintiff has presented enough for a jury question as to whether the meaning of the statements was the same.  The defendants' lack of candor in explaining the meaning of the statement "meets the competency" of the JRCERT is evidence of their intent to deceive or at least of recklessness, causing the plaintiff to believe that the program was accredited.

Additionally, the plaintiff has presented testimony from Joanne Greathouse and a letter from JRCERT to Spencerian regarding the program's failure to meet certain "standards."  The defendants argue that meeting the "standards" is not the same as meeting the competency requirements.  This, however, is a question of fact.

As for the defendants' representations about graduates' being eligible to take the ARRT examination as national candidates, the plaintiff has presented evidence that the defendants knew that the students would not be eligible to take the examination upon graduation or at least acted with reckless disregard for the statement's truth.

Reliford understood that to sit for a national certifying examination, individuals must graduate from an accredited RT program or from a school that is regionally accredited. (Reliford depo., 84) While there is evidence that the defendants researched the accreditation process, there is not enough to establish that, as a matter of law, the misrepresentation regarding ability to take the national examination was not intentional or was not made with reckless disregard for its truth.

**4.     Reliance**

Fourth, the plaintiff has established an issue of fact regarding her reliance on the allegedly false representations. While the plaintiff stated in her deposition that she did not rely on the defendants' representations that it was accredited, at a different point she states that she did rely on those representations. She states that she would not have attended the RT program if she had known that it was not accredited. It is not proper for the court to weigh the evidence and determine which statement is accurate; the discrepancy in the testimony establishes a genuine issue of material fact, so summary judgment is inappropriate. The plaintiff also states that she would not have attended the RT program if she had known that she would not be permitted to take the ARRT examination as a national candidate following graduation. Taking her statements as true, she has established an issue of fact for trial.

**5.     Damages**

Finally, as discussed above, the plaintiff has presented proof of damages in the amount of lost wages and lost opportunity. The plaintiff's assertion that she is also

entitled to return of her expenditures, however, is unfounded. She seeks to recover her tuition, costs, and expenses associated with attending the RT program at Spencerian, but she is not entitled to do so. Generally, the measure of damages for fraud is the actual pecuniary loss sustained. A plaintiff injured by the commission of fraud is entitled to recover such damages in tort as will compensate her for the loss or injury actually sustained and place her in the same position she would have occupied had she not been defrauded. *Sanford Construction Co. v. S&H Contractors, Inc.*, 443 S.W.2d 227, 239 (Ky. 1969). As the plaintiff eventually received the benefit of her bargain – graduating from an accredited program and being permitted to take the national examination – her damages consist only of what the delay in being able to take the examination as a national candidate cost her in lost wages and opportunity.

**C.    Negligent Misrepresentation**

Kentucky courts have recognized that, in some circumstances, a defendant is under a duty of care to make its representations accurately and may be liable for a limited measure of damages if its negligent misrepresentations induce justifiable reliance to the plaintiff's loss. The Kentucky Supreme Court adopted the Restatement's standard for negligent misrepresentation claims. *Presnell Construction Managers, Inc. v. EH Construction, LLC*, 134 S.W.3d 575, 582 (Ky. 2004). Privity is not a prerequisite for tort action in Kentucky. To be successful on her negligent misrepresentation claim, the plaintiff must prove that the defendant, in the course of

its business, supplied false information for the plaintiff's guidance in their business transaction and failed to use reasonable care or competence in doing so. She must also show that she reasonably relied on that false information to her detriment, causing her injury. Restatement (Second) of Torts § 552 (1977) *cited by Presnell*, 134 S.W.3d at 580.

The plaintiff has presented sufficient evidence to establish a genuine issue of material fact as to whether the defendant negligently misrepresented that she could take the national ARRT examination upon graduation and that the RT program met the competency requirements of the JRCERT for the same reasons discussed above with regard to her fraud claim.

**D.    Breach of Fiduciary Duty**

The plaintiff has failed to establish facts sufficient to avoid summary judgment on her breach of fiduciary duty claim. In Kentucky, a fiduciary relationship is one "founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking." *Steelvest v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky. 1991). Fiduciary relationships may exist in a variety of circumstances. *Id.* "Fiduciary relationships can be informal, but they must evidence circumstances showing both parties agreed that one party would be acting in the interest of the other." *In re Sallee*, 286 F.3d 878, 893 (6th Cir. 2002) (applying Kentucky law). In this case, the

plaintiff has failed to establish the existence of a fiduciary relationship. She contends that such a relationship existed because the plaintiff and Spencerian had a student/college relationship. Since the plaintiff offers nothing more than a mere assertion that this relationship creates a fiduciary relationship, summary judgment on this claim is appropriate.

**E.    Kentucky Consumer Protection Act**

Genuine issues of material fact exist regarding the plaintiff's claim under the KCPA. The KCPA protects any person who purchases services for personal purposes from any unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce. *See* KRS §§ 367.170 and 367.220. "Not every failure to perform a contract is sufficient to trigger application of the Consumer Protection Act.. . . [It] does not apply to simple incompetent performance of contractual duties . . . ." *Capitol Cadillack Olds, Inc. v. Roberts*, 813 S.W.2d 287, 291 (Ky. 1991). To prevail on a claim under the KCPA, the plaintiff must show that Spencerian's actions were either intentional or grossly negligent. *Sparks v. Re/Max Allstar Realty, Inc.*, 55 S.W.3d 343, 348 (Ky. 2001). "'Gross negligence' is a 'conscious and voluntary act or omission which is likely to result in grave injury when in the face of clear and present danger of which the alleged tortfeasor is aware.'" *Id.* As discussed above, the plaintiff has presented evidence that Spencerian intended to deceive her or that it at least made a conscious and voluntary act or omission regarding her eligibility to take the ARRT exam. Thus, summary judgment on this claim is inappropriate with regard

14

to Spencerian.

Summary judgment is appropriate with regard to the plaintiff's claim for recovery under the KCPA from the individual defendants. The KCPA permits actions only against the seller or lessor of goods or services. As none of the individual defendants sold or leased goods to the plaintiff, summary judgment is appropriate in their favor on this claim.

**F.      Outrage/Intentional Infliction of Emotional Distress**

The plaintiff does not present sufficient facts to support a claim of outrage/intentional infliction of emotional distress. To support such a claim, the plaintiff must prove the following:

> (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe.

*Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 2 (Ky. 1990). Here, the plaintiff does not state conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Pierce v. Commonwealth Life Ins. Co.*, 825 F. Supp. 783, 788 (E.D. Ky. 1993). At most, the plaintiff alleges that the defendant intentionally misled her into thinking that the RT program was properly accredited and that she could take the ARRT exam. Assuming that the defendants' conduct was intentional, this conduct does not rise to the level of egregious conduct required for the tort of intentional infliction of emotional distress. Therefore, the plaintiff's claim

for intentional infliction of emotional distress must be dismissed.[4]

**G.     Negligent Infliction of Emotional Distress**

The defendants contend that they are entitled to summary judgment on the plaintiff's negligent infliction of emotional distress claim because no physical contact or injury exists. To recover for negligent infliction of emotional distress, physical contact or physical injury related to the negligent act must be present. "Contact, however, slight, trifling, or trivial, will support a cause of action. However, it is necessary that the damages for mental distress sought to be recovered be related to, and the direct and natural result of, the physical contact or injury sustained." *Deutsch v. Shein*, 597 S.W.2d 141, 146 (Ky. 1980). The irritable bowel syndrome of which the plaintiff complains may have resulted from stress caused by the alleged conduct, but the statements made by the defendants do not constitute physical contact. The defendants are entitled to summary judgment on this claim.

**H.     Claims Against Individual Defendants**

The individual defendants argue that summary judgment is appropriate on all claims against them because all actions that they took were within the scope of their employment at Spencerian. This argument is unpersuasive. Employees who engage in tortious conduct, even though it is within the scope of their duties, can be

---

[4] The defendants also contend that they are entitled to summary judgment because the KCPA permits recovery for emotional damages. Kentucky courts have not addressed whether the KCPA permits such damages and whether this recovery would pre-empt a claim for intentional infliction of emotional distress. Since the lack of evidence to support a claim is dispositive, this court need not address this issue.

personally liable for the injuries suffered as a result of that conduct. *Smith v. Issacs*, 777 S.W.2d 912, 914 (Ky. 1989).

Jim Crick, an admissions counselor, argues that he is entitled to summary judgment because the plaintiff did not communicate with him prior to enrolling in the RT program and there is no evidence to link him to the alleged misrepresentations. The plaintiff disagrees because she claims Crick was responsible for coordinating and developing marketing and advertising for Sullivan University System, Inc. Summary judgment is appropriate because the plaintiff has presented no evidence beyond her mere assertions to link Crick with the misrepresentations. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986) (allegations are not specific facts required by Fed. R. Civ. P. 56 and will not defeat properly made summary judgment motion). The same is true for the plaintiff's claims against Terri Thomas, Director of Admissions. Thomas was not serving in that capacity when the plaintiff enrolled in the RT program. The job descriptions of the two defendants do not establish that they helped create the documents that contained the alleged misrepresentations.

Summary judgment is also appropriate on the plaintiff's claims against Alva R. Sullivan, President and Chief Executive Officer of The Sullivan University System, Inc. Although Sullivan acknowledged that he has "ultimate responsibility for everything" at Spencerian (Sullivan depo., 49), the plaintiff has failed to link him to the alleged misrepresentations.

The plaintiff's evidence to support her claims against the other individual

defendants is slight, but is sufficient to avoid summary judgment. The defendants have not met their burden of showing that there is an absence of evidence to support the plaintiff's case. Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** with regard to the plaintiff's claims against all of the defendants for breach of fiduciary duty, intentional infliction of emotional distress/outrage, and negligent infliction of emotional distress; with regard to the plaintiff's claims for breach of contract and violation of the Kentucky Consumer Protection Act against all defendants except Sullivan University System, Inc. d/b/a Spencerian College; and with regard to all of the plaintiff's claims against Jim Crick, Terri Thomas, and A.R. Sullivan.

The motion is **DENIED** with regard to the plaintiff's claim for breach of contract and violation of the Kentucky Consumer Protection Act against Sullivan University System, Inc. d/b/a Spencerian College and the plaintiff's claims for fraudulent misrepresentation and negligent misrepresentation against Spencerian, LaVetta Reliford, Jan Gordon, and Linda Blair.

Signed on  June 6, 2005

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**