**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

CIVIL ACTION NO. 03-738-C

TRISHA HARMAN,                                                           PLAINTIFF,

V.                        **MEMORANDUM OPINION AND ORDER**

SULLIVAN UNIVERSITY
SYSTEM, INC., ET AL.,                                                    DEFENDANTS.


* * * * * * * * * * *

This matter is before the court on the motion of the plaintiff to exclude certain

testimony of Dr. Robert Taylor and the motion of the defendants to exclude all

testimony of Dr. Edward Mazze.  The parties agreed at the pre-trial conference that a

hearing on these motions is unnecessary.  The court, having reviewed the record and

being otherwise sufficiently advised, will deny the plaintiff's motion and will grant the

defendants' motion in part and deny it in part.

I.      **LEGAL STANDARD**

Fed. R. Evid. 702 governs the admissibility of expert testimony, providing:

If scientific, technical, or other specialized knowledge will assist the trier
of fact to understand the evidence or to determine a fact in issue, a
witness qualified as an expert by knowledge, skill, experience, training,
or education, may testify thereto in the form of an opinion or otherwise,
if (1) the testimony is based upon sufficient facts or data, (2) the
testimony is the product of reliable principles and methods, and (3) the
witness has applied the principles and methods reliably to the facts of the
case.

The Supreme Court clarified the trial court's role as a gatekeeper under Fed. R. Evid. 702 in *Daubert v. Merrell Dow Pharmaceuticals Inc*., 509 U.S. 579 (1993) and in *Kumho Tire Co., Ltd., v. Carmichael*, 119 S.Ct. 1167 (1999).  As a gatekeeper, the court must determine that the expert's testimony, whether scientific, technical, or otherwise falling under Rule 702, is relevant and reliable.  *Id*.

In *Daubert*, the court suggested a non-exhaustive list of factors for a court to consider when deciding whether proposed scientific expert testimony is sufficiently "reliable."  Such factors include: (1) "whether a theory or technique . . . can be 'and has been tested'"; (2) whether the theory or technique has been subjected to peer review or publication"; (3) "the known or potential rate of error"; and (4) "general acceptance."  *Daubert*, 509 U.S. at 593-94.  The experts in this case are not offering "scientific" expert testimony; rather their testimony falls under the "technical or other specialized knowledge" component of Rule 702.  Those four factors, however, were adopted by the Sixth Circuit when assessing the reliability of proposed non-scientific expert testimony.  *Berry v. Detroit*, 25 F.3d 1342, 1350-51 (6th Cir. 1994).  With respect to the individual factors enumerated in *Daubert*, they neither necessarily nor exclusively apply to all experts in every case.  *Kumho Tire Co.*, 526 U.S. at 141.  "[T]he law grants the trial judge broad latitude to determine" whether the factors are "reasonable measures of reliability in a particular case."  *Id.* at 153.

## II.    ANALYSIS

### A.    Plaintiff's Motion to Exclude Testimony of Dr. Robert Taylor

2

The plaintiff challenges Dr. Taylor's qualifications to testify regarding the accuracy of the representations made by the defendants in marketing and advertising materials.  While the plaintiff argues that Dr. Taylor is attempting to testify regarding false advertising standards, the defendants represent, and Dr. Taylor's deposition testimony reflects, that his opinions deal with accreditation, not advertising or marketing.  Dr. Taylor is certainly qualified to offer his opinion on the issue of accreditation by virtue of his specialized knowledge, skill, experience, training, or education.  He has served on accreditation teams and committees for the Association to Advance Collegiate Schools of Business, has taught classes on accreditation, and, in his capacity as the Dean Emeritus and Professor of Management at the University of Louisville, he has sought accreditation for programs there.  An advertising background is not necessary to opine whether a program addresses an accrediting agency's standards or competency requirements.

It is also unnecessary that Dr. Taylor have specific, prior knowledge about JRCERT and its competency requirements.  "The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Berry*, 25 F.3d at 1351.  This foundation should be based upon the witness's "firsthand familiarity" with the subject matter at issue. *Berry*, 25 F.3d at 1350.  Dr. Taylor's foundation is in accreditation.  He has firsthand familiarity with the general subject matter of accreditation.  In this case, Dr. Taylor is asked to opine on the appropriateness of

stating that a program addresses the competency requirements or standards of an accrediting agency before the program is accredited and about whether the program has met those competency requirements.  This is within his area of expertise as someone who has a background in accrediting programs.

Dr. Taylor does not purport to rely upon any specialized knowledge or experience with JRCERT or accrediting radiologic technology programs; his testimony should not be excluded merely because he is unfamiliar with these areas, because he is familiar with accreditation in general and can use that knowledge to form his opinions.  Dr. Taylor can provide specialized knowledge regarding accreditation, the process, and what is necessary to meet competency requirements.  This information will assist the trier of fact in understanding the evidence, and any weaknesses in his background will go to the weight to be accorded to his opinion.  *See First Tenn. Bank Nat'l Ass'n v. Barreto*, 268 F.3d 319, 333 (6th Cir. 2001) (noting that unfamiliarity with certain aspects merely affects the weight and credibility of the expert's testimony).

The plaintiff also challenges the reliability of Dr. Taylor's testimony, arguing that it is not grounded in fact.  This argument has no merit.  Dr. Taylor's opinions reflect knowledge of the facts of this case.  Further, his testimony meets the requirement for reliability.  As in *First Tennessee Bank National Association*, the *Daubert* reliability factors are unhelpful in this case, which involves expert testimony derived from Dr. Taylor's own practical experiences accrediting programs. *First Tenn. Bank Nat'l Ass'n*,

4

268 F.3d at 335. "Opinions formed in such a manner do not easily lend themselves to scholarly review or to traditional scientific evaluation." The court finds that Dr. Taylor's opinions regarding the appropriateness of stating that a program addresses the competency requirements or standards of an accrediting agency before the program is accredited and whether the defendants met the competency requirements of JRCERT are sufficiently reliable.

**B.      Defendant's Motion to Exclude Testimony of Dr. Edward Mazze**

According to his report, Dr. Mazze was asked to offer his opinions regarding the approach used by the defendants to establish and market the RT program, the importance of accreditation prior to accepting students, the defendants' responsibility to inform students about the accreditation status, and the importance of the defendants providing students with accurate and not misleading information or false advertising regarding the RT program. Like Dr. Taylor, Dr. Mazze is qualified to offer his opinion on the issue of accreditation by virtue of his specialized knowledge, skill, experience, training, or education. Dr. Mazze has served on the Middle States Association of Colleges and Secondary Schools, which is a regional accrediting agency, and has served on accreditation teams for various schools seeking accreditation. He is currently the Dean of the College of Business Administration at the University of Rhode Island and has been involved with accrediting analysis for the Association to Advance Collegiate Schools of Business on several occasions.

Dr. Mazze is qualified to discuss the importance of accreditation and how

accreditation generally affects selection of a program.  He is also qualified to testify regarding who bears the burden to ensure a program is accredited.  As discussed above with regard to Dr. Taylor, such opinions are helpful and will assist the trier of fact.  Other opinions that Dr. Mazze seeks to offer, however, are inappropriate and will not be permitted.

The defendants challenge Dr. Mazze's qualifications to testify regarding his opinions on whether the alleged misrepresentations were made intentionally.  Dr. Mazze states in his report that the defendants "intentionally misrepresented to prospective and current students that graduates of their Radiologic Technology Program were eligible to take the national certifying examination given by ARRT." (Mazze Report, 6)  He also opines regarding what the students were relying on during and after enrolling at Spencerian and what the senior administrators "knew" about the program's accreditation status.  (Mazze Report, 6)  It is unclear how Dr. Mazze could have been aware of whether the defendants acted intentionally or what they "knew" or how he could be aware of what the students relied upon when making decisions. He is not qualified to testify regarding the intent of the defendants or the thoughts of the students.  Consequently, such testimony is inappropriate.  *See Singer v. Waco*, 324 F.3d 813 (5th Cir. 2003) (court upheld exclusion of expert testimony that defendant likely did not know that its pay practices violated FLSA because expert was not an employee, finding there was no showing of reasonable basis for expert testimony as to willfulness).  Dr. Mazze may not testify regarding the defendants'

6

intent when making representations or on what the students relied when making a decision to enroll.  Such testimony is not helpful to the fact finder as a jury is capable of determining whether the acts were intentional without expert testimony on the subject.

The defendants also challenge the reliability of Dr. Mazze's testimony, claiming that he did not rely on the facts of the case when forming his opinions.  There is nothing in the "Background Information" portion of his report to indicate that he relied on incorrect facts.  The *Daubert* factors are unhelpful in evaluating the reliability of Dr. Mazze's opinions.  The court finds that his opinions, as limited above, are reliable as they are based on his personal experiences and his evaluation of the facts of this case. Accordingly,

**IT IS ORDERED** that the testimony of Dr. Robert Taylor will be allowed pursuant to Federal Rule of Evidence 702 and the plaintiff's motion to exclude said testimony is **DENIED**.

**IT IS FURTHER ORDERED** that the testimony of Dr. Edward Mazze will be allowed pursuant to Federal Rule of Civil Procedure 702, but will be limited to his opinions about the accreditation process as set forth in this order, and the defendants' motion to exclude said testimony is **GRANTED IN PART** and **DENIED IN PART**.

Signed on  June 20, 2005

*Jennifer B.Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**