**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 03-738-C**

**TRISHA HARMAN,**                                                                    **PLAINTIFF,**

**V.**                  **MEMORANDUM OPINION AND ORDER**

**SULLIVAN UNIVERSITY**
**SYSTEM, INC., ET AL.,**                                                **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on plaintiff's motions in limine. Fully advised, the court **ORDERS** that the plaintiff's motion to preclude testimony from any defendant or representative of Spencerian College about the intentions of other individuals is **GRANTED**. While a witness may testify about his or her own perceptions, such testimony may not relate to the perceptions of others, under Fed. R. Evid. 602 (personal knowledge requirement) and 801/802 (hearsay exclusion).

**IT IS FURTHER ORDERED** that the plaintiff's motion to preclude the defendants from mentioning the expense of defending this action is **GRANTED**, as such evidence is irrelevant under Fed. R. Evid. 401 and would unduly prejudice the plaintiff under Fed. R. Evid. 403.

**IT IS FURTHER ORDERED** that the plaintiff's motion to exclude comments about the credibility of witnesses is **DENIED**, as such evidence will be considered if and when objections arise at trial, but not within the context of motions in limine.

**IT IS FURTHER ORDERED** that the plaintiff's motions to exclude evidence of the conduct of the plaintiff's attorneys, including but not limited to the actions during the JRCERT site visit, and to exclude Defense Exhibits 21 and 50, are **DENIED**, as the court prefers to consider those matters as objections within the context of the trial than to consider their admissibility within the context of motions in limine.

**IT IS FURTHER ORDERED** that the plaintiff's motion to prohibit the defendants from placing any fault on the ARRT is **DENIED**. Defendants seek no apportionment instruction against the ARRT, which is neither an active nor a former party to this action. Nonetheless, the defendants may testify about their perceptions of ARRT requirements consistent with Fed. R. Evid. 602 and 701. Such testimony is relevant to the plaintiff's claims.

**IT IS FURTHER ORDERED** that the plaintiff's motion to exclude evidence of financial aid which she received while enrolled at Spencerian College is **DENIED**, as such payments do not constitute collateral source payments. *See*, *e.g.*, *Taylor v. Jennison*, 335 S.W.2d 902, 903 (Ky. 1960).

**IT IS FURTHER ORDERED** that the plaintiff's motion to preclude testimony about accreditation processes at other academic institutions is **DENIED** to the extent that a witness has personal knowledge or experience about the school in question and to the extent such testimony is not based on hearsay. See Fed. R. Evid. 602 and 701. Otherwise, the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to prohibit Spencerian administrators from discussing communications with JRCERT or ARRT in which they were not personally involved is **GRANTED** as to the substance of such conversations, which is outside those witnesses' personal knowledge and is hearsay. *See* Fed. R. Evid. 602, 801, 802.

**IT IS FURTHER ORDERED** that the plaintiff's motion to preclude Spencerian administrators' testimony about what students rely on in choosing a program or college is **GRANTED**, as "education experience," without more, does not qualify one – expert or layman – to render an opinion about such a subject.

**IT IS FURTHER ORDERED** that the plaintiff's motions to prohibit the defendants from mentioning the burden or standard of proof are **DENIED**. The court will so instruct the jury, and the defendants are free to mention such matters.

**IT IS FURTHER ORDERED** that the plaintiff's motion to exclude speaking objections from the videotaped deposition of Dr. Edward Mazze, expert witness for the plaintiff, is **GRANTED**, to the extent that the objections violate Fed. R. Civ. P. 30(d)(1). It is **DENIED** in all other respects. The cost of redaction shall be included in the bill of costs. *See* 28 U.S.C. § 1920. Reviewing the cited objections, the court finds that the following speaking objections are not concise or are argumentative:

1. Page 11:6-9;
2. Page 12:10-16;
3. Page 17:19-24;
4. Page 19:22-24, 20:1-2;
5. Page 22:20-24, 23:1-8;
6. Page 23:15-24, 24:1-24, 25:1;
7. Page 36:10-24;
8. Page 55:19-24, 56:1-2.

**IT IS FURTHER ORDERED** that the plaintiff's motion to preclude testimony about state licensure requirements for radiologic technologists which does not come from an expert witness is **GRANTED**, as such knowledge is technical knowledge outside the purview of the average layperson. If such technical knowledge is relevant and if it would assist the trier of fact,

such expert testimony will be admitted under Fed. R. Evid. 702.

**IT IS FURTHER ORDERED** that the plaintiff's motion to exclude the question about RT licensure requirements posed to Dr. Mazze is **GRANTED** unless the appropriate factual predicate for such a question is laid by expert testimony in advance of Dr. Mazze's trial testimony.

**IT IS FURTHER ORDERED** that the plaintiff's motion to preclude defense counsel from questioning the plaintiff's expert about the applicability of the FTC guidelines is **DENIED**. The court has already noted Dr. Mazze's expertise concerning the FTC guidelines. Accordingly, the defendants may question him regarding his understanding of the guidelines and their effect.

Signed on  March 29, 2006

**Jennifer B. Coffman, Judge**
**United States District Court**

4